# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| DEAN FOLTZ, individually and on behalf of all others, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 2:14-cv-04308-NKL ) |
| GUITAR CENTER STORES, INC., | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The parties filed a joint motion for final approval of class action settlement on December 9, 2010, Doc. 45, requesting final approval of the settlement the Court preliminarily approved on July 10, 2015. On December 10, 2015, the Court held a final fairness hearing pursuant to the terms of Fed. R. Civ. P. 23, and took up the parties' joint motion.[1] The Court makes the following findings of fact and conclusions of law:

On October 16, 2014, Plaintiff Dean Foltz ("Plaintiff") filed the above-captioned lawsuit on behalf of himself and a putative class ("Lawsuit") against Defendant Guitar Center Stores, Inc. ("Defendant"). The Lawsuit was removed to this Court on November 26, 2014 based on federal question jurisdiction. Plaintiff asserted class claims against Defendant under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*

Defendant denied any and all liability alleged in the Lawsuit.

---

[1] The Hon. Nanette Laughrey referred the final fairness hearing to the undersigned United States Magistrate Judge for processing, under the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. Local Rule 72.1.

After a mediation with esteemed mediator John Phillips, and extensive arm's-length negotiations, Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Agreement"), which was memorialized and submitted to the Court on July 10, 2015. [Doc. 41].

On July 10, 2015, upon consideration of the Parties' Agreement and Joint Motion for Preliminary Approval of Class Action Settlement, the Court entered an Order of Preliminary Approval of Class Action Settlement preliminarily approving the Agreement and certifying a Settlement Class in accordance with the terms of the Parties' Agreement. [Doc. 41]. Pursuant to the Order, the Court, among other things, (1) preliminarily approved the Parties' Agreement, including Class Counsel's request for attorneys' fees and an Incentive Award to Plaintiff; (2) conditionally certified the Settlement Class; (3) designated Charles Jason Brown and Jayson A. Watkins as Class Counsel, and Plaintiff as representative for the Class; (4) approved the form class notice; and (5) set the date for the Final Fairness Hearing.

On December 9, 2015, the Parties filed their Joint Motion for Final Approval of Class Action Settlement.

On December 10, 2015, at 11:00 a.m. CST, a Final Fairness hearing was held pursuant to Fed. R. Civ. P. 23, to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment; whether the proposed settlement is fair, reasonable, and adequate; and whether the settlement should be finally approved by the Court.

The Parties now request that the Court finally certify the Settlement Class under Fed. R. Civ. P. 23(b)(3), and enter final approval of the class action settlement.

Upon reading and duly considering the Parties' Agreement, Joint Motions, and statements, it is hereby recommended that:

1. Having jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto, the Lawsuit shall be certified as a class action on behalf of the following Class Members pursuant to Fed. R. Civ. P. 23(b)(3):

> All employees or prospective employees of Defendant in the United States who were the subject of a consumer report that was sought by Defendant and who executed the Defendant's then-standard FCRA disclosure form on or after October 16, 2012 through May 8, 2014.

2. Charles Jason Brown and Jayson A. Watkins shall be designated as Class Counsel. Dean Foltz shall be designated as representative for the Class.

3. Pursuant to the Court's Order of Preliminary Approval of Class Action Settlement, the approved class notices were mailed to Class Members on September 4, 2015. The notices shall be deemed to satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitute the best notice practicable under the circumstances.

4. There were six (6) potential members who opted out of the Class. As a result, all remaining members of the Class shall be bound by this Order and shall be permanently enjoined from commencing, prosecuting, or maintaining any claim already asserted in, encompassed by, or released in connection with, this action.

5. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Parties' Agreement is fair, reasonable, and adequate in light of the benefit to the Class Members; the complexity, expense, and probable duration of further litigation; the inherent risk and delay in litigation and the appeals process; and the potential for recovery in this case.

6. It be directed that within thirty (30) days from the date of the final approval order, the Settlement Administrator shall mail a check for the net Settlement Amount, as provided for in the Parties' Agreement, to each Class Member who has not opted out of the Class.

7. The Parties' recommendation of the U.S. Committee for Refugees and Immigrants as the *cy pres* beneficiary shall be found to be consistent with promoting the rule of law and shall be approved.

8. The Incentive Award to Plaintiff shall be approved and Plaintiff shall be permanently barred and enjoined from instituting or prosecuting any of the claims released in the Agreement.

9. The Lawsuit shall be dismissed as against the Defendant, with prejudice in all respects.

10. The Court shall retain continuing and exclusive jurisdiction of the Parties regarding all matters relating to the Lawsuit, including the administration, consummation, and enforcement of the Agreement.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties are reminded that they have 14 days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to timely file and serve objections shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 10th day of December, 2015, at Jefferson City, Missouri.

/s/ Matt J. Whitworth_____
HONORABLE MATT J. WHITWORTH
United States Magistrate Judge